IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRRALL FARROW CANNON, et al,

    Plaintiffs,               No. CIV S- 05-0224 FCD GGH P

    vs.

STATE OF CALIFORNIA,

    Defendants.             ORDER
_____/

        Plaintiffs, state prisoners proceeding pro se, purport to bring a class action seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Although plaintiff Cannon has filed an in forma pauperis affidavit pursuant to 28 U.S.C. § 1915 in response to an order filed on April 13, 2005, no other putative plaintiff has done so. Because plaintiff filed this action before February 7, 2005, the applicable fee is $150.00 to proceed in a civil rights action. However, a review of the complaint indicates that plaintiff should perhaps proceed as petitioner in a habeas action, see below. As the filing fee for a habeas action is $5.00, the court will not at this time assess the filing fee.

        This matter may not proceed as a class action simply because plaintiff and his putative co-plaintiffs have attempted arbitrarily to designate it as such. Plaintiff has failed to file a motion for the court to certify this matter as a class action, pursuant to Fed. R. Civ. P. 23.

1

1   Moreover, plaintiff, is a non-lawyer inmate proceeding without counsel.

2              It is well established that a layperson cannot ordinarily represent the interests of a
3   class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost
4   absolute when, as here, the putative class representative is incarcerated and proceeding pro se.
5   Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot
6   "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the
7   Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).
8   Plaintiff's privilege to appear in propria persona is a "privilege . . . personal to him.  He has no
9   authority to appear as an attorney for others than himself."  McShane v. U. S., 366 F.2d 286, 288
10  (9th Cir.1966), citing Russell v.United States, 308 F.2d 78, 79 (9th Cir. 1962); Collins v. O'Brien,
11  93 U.S.App.D.C. 152, 208 F.2d 44, 45 (1953), cert. denied, 347 U.S. 944, 74 S.Ct. 640 (1954).
12  Therefore, this action will not be construed as a class action.

13             The complaint is difficult to follow and appears to be alleging that he is among a
14  group of people each of whom entered into a negotiated plea agreement after which they were
15  subjected to sentencing under the three-strikes law, Cal. Penal Code § 667.  Plaintiff purports to
16  sue the California Legislative Council, against which he is barred from suit by the Eleventh
17  Amendment.

18             The Eleventh Amendment serves as a jurisdictional bar to suits brought by private
19  parties against a state or state agency unless the state or the agency consents to such suit.  See
20  Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam);
21  Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of
22  California has not consented to suit.  Accordingly, plaintiff's claims against the California
23  Legislative Council are frivolous and must be dismissed.

24             Plaintiff provides no details or particulars as to his own plea agreement.  He
25  apparently seeks declaratory relief in the form of having the three strikes law declared
26  unconstitutional.  However plaintiff couches it, it appears that he seeks release from confinement.

If the nature of the claim is such that it would necessarily imply the invalidity of a prisoner's conviction or continuing confinement, a prisoner must bring a habeas petition. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997).

> § 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973). Such claims fall within the 'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983. Ibid. By contrast constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance. See Muhammad v. Close, 540 U.S.749 ----, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S. Ct. 1827.

Nelson v. Campbell, 541U.S. 637, 124 S. Ct. 2117, 2122 (2004):

Plaintiff's complaint will be dismissed with leave granted for him to file an appropriate civil rights action under 42 U.S.C. § 1983 or to file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, within 30 days. If plaintiff files an amended complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Should plaintiff file a petition for writ of habeas corpus, he must set forth the specific sentence or conviction he wishes to challenge and the grounds for his challenge. Plaintiff will be provided the appropriate forms for a civil rights action and for a habeas petition in this district.

In addition, plaintiff filed a document he entitled "Motion for Notice of Appeal to the Ninth Circuit Court of Appeal," on the same day that this action was filed. Plaintiff acknowledges that the notice is premature and seeks to have the court hold the motion in abeyance. This is an inappropriate request contemplated neither by the Federal Rules of Civil or Appellate Procedure which will be disregarded. Furthermore, he attaches a Fed. R. Civ. P. 60(b) motion that is apparently intended to be directed to a case that he identifies solely as Case No. 04-074, which has no relationship to the instant action. The court will disregard this motion as well.

Accordingly, IT IS ORDERED that:

1. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint, or habeas petition, as appropriate, within thirty days from the date of service of this order. Failure to file either an amended complaint or a habeas petition will result in a recommendation that the action be dismissed.

2. The Clerk of the Court is directed to provide plaintiff with a civil rights complaint form appropriate for a prisoner in this district, as well as a form for a habeas petition;

3. Upon plaintiff's filing his amended pleading, the court will assess the filing fee; and

4. Plaintiff's premature Notice of Appeal, filed on February 3, 2005, as well as his February 3, 2005 Rule 60(b) motion intended for another case, are both disregarded, that is, stricken, from the record.

DATED:  6/10/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
cann0224.b+